IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANNA SADAKIAN, an individual,

    Plaintiff,
vs.

BILL USSERY MOTORS OF CUTLER BAY, LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, Armen Sadakian, an individual (hereinafter "buyer") sues the defendant, Bill Ussery Motors of Cutler Bay, LLC, a Florida limited liability company (hereinafter "dealership") as follows.

### INTRODUCTION, JURISDICTION AND VENUE ALLEGATIONS

1. This is a cause of action for equitable relief and is subject to the Court's jurisdiction through diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a) (1-4) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of attorneys' fees, costs and related expenses; and the parties are located in different states.

2. Buyer resides in the State of California and contacted the defendant dealership for the building and construction of a unique, custom-built Mercedes G Wagon directly from the Mercedes Benz factory.

3. Dealership is a Florida limited liability company that is domiciled and doing business in Miami Dade County, Florida.

4. Venue properly lies in the Southern District of Florida because the parties are all located in different states and the dealership as well as the vehicle in dispute is located in The Southern District of Florida.

*Sadakian adv. Bill Ussery Motors*
*Case No.:*

## GENERAL ALLEGATIONS

5. Buyer was interested in building a new, custom-made Mercedes G Wagon and turned to the defendant dealership for assistance.

6. There is a string of emails to document the parties' interactions; the summary of which provides that (i) the parties entered into an oral contract for the defendant dealership to facilitate the construction of the vehicle; that (ii) the Buyer agreed to pay a $5000.00 down-payment for the vehicle; that (iii) the dealership represented that the vehicle would be built and ready for delivery in either October or November, 2021 and (iv) at no time did either party represent a written intention to cancel the oral agreement.

7. The dealership has received the vehicle but is refusing reasonable attempts by the Buyer to contract for the purchase of the vehicle and take possession of the vehicle.

8. The vehicle is unique; the buyer cannot receive a like kind and quality vehicle in the marketplace.

9. All conditions precedent has been met or has otherwise been waived and/or satisfied.

## COUNT I—DEMAND FOR DECLARATORY RELIEF

10. Buyer readopts and reincorporate the allegations contained in Paragraphs 1 through 9, inclusive as if specifically incorporated herein.

11. Buyer brings a cause of action sounding in declaratory relief against the dealership.

12. The evidence in the form of the communications and emails between the parties is sufficient to show that the Buyer has an interest in the vehicle.

13. A judicial decree that the Buyer is entitled to contract and purchase the vehicle clear from any third party claims or causes of action is bona fide, actual, and present because the declaratory relief would do the following: (i) it would ensure that the parties proceed with the transaction for the purchase and sale of the custom built vehicle and (ii) it would clarify the rights, title, and interest to the vehicle so that the dealership does not sell the vehicle to a good faith and bona fide third party buyer.

14. The entry of an order regarding the buyer's interest in the vehicle concerns a present, ascertained, or ascertainable state of facts and/or is a present controversy regarding a state of facts; namely, whether the buyer is entitled to rely on the representation that the vehicle would be specially fabricated for the benefit of the buyer and that the buyer would then be entitled to contract for the purchase of the vehicle upon the delivery of the vehicle to the dealership.

15. The interest of the dealership is antagonistic to the Buyer.

16. All antagonistic and adverse interests are before the Court through the parties identified herein.

17. The determination of whether the Buyer has an interest in the vehicle removes a definite and not speculative threat of further injury. The issues are not in the form of an advisory opinion.

18. The nature of the relief being requested is in the form of complete relief to fully adjudicate the issue of the buyer's interest in the vehicle.

**WHEREFORE**, Buyer ' demands the entry of a declaratory decree for the following relief: (i) that the Buyer are entitled to rely on the communications and representations from the dealership that the dealership was ordering a custom built Mercedes G Wagon from the factory; that (ii) when the vehicle was delivered, the dealership had the obligation to proceed with the transaction with the buyer and cannot use the buyer as a placeholder and seek better deals elsewhere; (iii) that the vehicle is required to be transferred to the buyer upon the execution of the contract documents; and that (iv) the buyer is entitled to any further relief that the Court deems fair, just, and equitable.

## COUNT II—DEMAND FOR ADEQUATE ASSURANCES

19. Buyer readopts and reincorporates its allegations contained in Paragraphs 1 through 9, inclusive as if specifically incorporated herein.

20. This is a cause of action sounding in a demand for adequate assurances under the Uniform Commercial Code; 2-609.

*Sadakian adv. Bill Ussery Motors*
*Case No.:*

21. The emails and communications between the parties created an oral contract. The oral contract imposed an obligation on each of the parties to act in a commercially reasonable matter; requiring the buyer to contact and purchase the vehicle upon the completion of the specially fabricated vehicle through the Mercedes Benz factory.

22. The Buyer has made demand on the dealership. The dealership has refused to provide the buyer with with assurances that the dealership will perform.

23. The Buyer has reasonable grounds for insecurity that the dealership will breach and transfer the vehicle to a bona fide third-party purchaser for a higher contract price and, therefore, the Buyer's expectation for performance by the dealership is currently impaired and the Buyer has the right to receive adequate assurances that the dealership will perform and honor the oral contract.

**WHEREFORE**, Buyer demands the entry of a declaratory decree for adequate assurances under 2-609 of the Uniform Commercial Code that the dealership will honor its commitment to sell the vehicle to the buyer and for any further relief that the Court deems fair, just, and equitable.

Dated this the 27th day of November, 2021.

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. FEDERAL HWY, SUITE 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

By: /s/ *Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790